IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>)<br>v.     )    No. 02 CR 720<br>)<br>ROBERT RANJEL   ) | |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on the Government's motions in limine and Defendant Robert Ranjel's (Ranjel) *pro se* motions. For the reasons stated below, the Government's motions in limine are granted, and Ranjel's motions are stricken.

## DISCUSSION

I.  Government's Motions in Limine

A.  Motion to Re-renumber and Strike Allegation

The Government moves to renumber the Counts in the indictment, removing one Count relating to a co-defendant, in order to avoid confusion by jurors. The Government also moves to strike language from Count One of the indictment alleging that more than 5 kilograms of cocaine were involved in the conspiracy and

1

instead include the phrase: "a quantity of a mixture and substance containing a detectable amount cocaine." (BE 346: 2). Ranjel indicates that he has no objection to the re-numbering of the Counts, but that he objects to striking allegations regarding quantity of cocaine. (DE 354:1). The only justification for such objection is that Ranjel believes that the Government is attempting to lessen its evidentiary burden by striking the drug quantity. (DE 354:2). However, the amount of drugs involved in a conspiracy is not an element of the conspiracy. *See United States v. Walker*, 673 F.3d 649, 659 (7th Cir. 2012)(stating that "quantity is not an element of a conspiracy to possess drugs for distribution"); *United States v. Nunez*, 673 F.3d 661, 663 (7th Cir. 2012)(stating that "[t]o persuade a jury to convict on a single conspiracy charge the government need prove only an agreement" and that "[q]uantity is not an element"); *Unites States v. Gilmer*, 534 F.3d 696, 704 (7th Cir. 2008)(stating that in regard to a conspiracy claim, "[d]rug quantity is not an element of the charged offense in the indictment" and that the "[q]uantity of drugs sold or possessed goes to the severity of the sentence, not the existence of the crime"). Ranjel has not provided any meritorious reason to retain the language relating to the drug quantity in Count One, and the Government has shown that Ranjel will not be prejudiced by striking such language. Therefore, the Government's motion to re-number the counts and strike language as to the drug quantity is granted.

### B.  Motion to Recall Witnesses

The Government moves for leave to permit certain witnesses to be recalled to

testify to events in an episodic manner.  The Government contends that evidence will be presented through law enforcement officers who have knowledge of multiple discrete events.  The Government further proposes that after direct examination as to each discrete episode, Ranjel should be permitted to cross-examine the witness fully about any testimony presented on direct examination.  Ranjel does not oppose the motion, and the motion is granted.  (DE 354: 2).

      C.  <u>Motion as to Admissibility of Recorded Conversations</u>

The Government seeks a ruling as to the admissibility of recorded conversations (CI Recordings) between Ranjel, an individual identified as "Individual A," and confidential informants (CIs).  Ranjel argues that the CI Recordings are not admissible because there is no evidence that the CIs consented to have their conversations recorded.  The Government is correct that although an evidentiary foundation for a recorded conversation can be established by the testimony of a participant in the conversation, that is not the only way to lay a foundation for such evidence.  *See United States v. Collins*, 715 F.3d 1032, 1036 (7th Cir. 2013)(quoting *United States v. Fuentes*, 563 F.2d 527, 532 (2d Cir. 1977) for the proposition that "[t]here is no requirement that the tapes be put in evidence through the person wearing the recorder" and finding that authentication of recorded conversations through testimony of government agents was sufficient).  The Government indicates that through the testimony of Government agents, it will present eyewitness testimony indicating that the CI Recordings accurately reflect the

conversations that were witnessed. The Government also explains that Government agents will testify that the CIs agreed to cooperate with the Government and have their conversations recorded. The Government has adequately explained how it will lay a proper foundation for the admission of the CI Recordings. Therefore, the motion to admit the CI Recordings is granted.

D. Motion to Preclude Efforts at Jury Nullification

The Government moves to preclude Ranjel from presenting improper argument, evidence and inquiry designed to elicit jury nullification. Specifically, the Government requests that Ranjel be barred from argument or questioning regarding: (1) the motivation for investigating or prosecuting this case, (2) the punishment Ranjel may face if convicted, and (3) outrageous government conduct. Ranjel indicates that he does not oppose the restriction as to the motivation for investigating or prosecuting this case, but he does oppose the limitation as to outrageous government conduct. (DE 354: 3-5).

The Government is seeking to preclude jury nullification based on what is deemed under the law to be allegations of outrageous government conduct consistent with the Seventh Circuit precedent holding that "the defense of outrageous government conduct" is not "available in this circuit." *United States v. Sherman*, 268 F.3d 539, 550 (7th Cir. 2001). The Government seeks to exclude evidence or argument relating to alleged false testimony by Government agents or Government witnesses. Ranjel argues that there may be outrageous government conduct in this

case that may be relevant.  Ranjel contends that a former Aurora police officer has made allegations of misconduct as to certain law enforcement agents involved in this case.  Ranjel claims that such evidence is relevant to show bias, interest, and/or motives by Government witnesses to testify falsely against Ranjel.  Ranjel also argues that there is evidence that his brake lines were cut on his vehicle and that evidence of misconduct by Government agents may be related.  The Government correctly points out that the record as it stands is devoid of evidence showing that the Government or its witnesses were somehow involved in the cutting of Ranjel's brake lines, and Ranjel cannot simply present such accusations at trial in the absence of evidence.  The Government also indicates that it currently does not intend to introduce evidence of flight through law enforcement officers, which further lessens the relevance of any testimony that might be offered by the former Aurora police officer.  Ranjel has not presented a good faith basis to present unsubstantiated allegations as to government misconduct and he cannot present such arguments to promote jury nullification.  Also, any probative value would be substantially outweighed by the unfair prejudice to the Government.  Based on the above, the Government's motion to preclude Ranjel from presenting improper argument, evidence and inquiry designed to elicit jury nullification is granted.

### E.  Requests or Comments Regarding Discovery

The Government moves to bar Ranjel from making requests or comments regarding discovery before the jury.  Ranjel does not oppose the motion.  (DE 354:5).

Therefore, the motion to bar Ranjel from making requests or comments regarding discovery before the jury is granted.

F.  Evidence or Argument of Law-Abiding Behavior

The Government moves to bar Ranjel from making argument or presenting evidence as to his law-abiding behavior.  Ranjel does not oppose the motion.  (DE 354:5).  Therefore, the motion to bar Ranjel from making argument or presenting evidence as to his law-abiding behavior is granted.

G.  Defining Burden of Proof

The Government moves to bar Ranjel from arguing a definition of "reasonable doubt" before the jury.  Ranjel does not oppose the motion.  (DE 354:5).  Therefore, the motion to bar Ranjel from arguing a definition of "reasonable doubt" before the jury is granted.

H.  Motion to Admit Identification Evidence

The Government moves to admit certain evidence to prove Ranjel's identity.  Specifically, the Government seeks to present evidence that Ranjel was the individual that utilized the cellular telephone assigned telephone number (630)745-0052 (Target Phone 2) to engage in narcotics trafficking activities.  The Government indicates that it will show that Ranjel was the user of Target Phone 2 by introducing evidence about a traffic offense by Ranjel, a driving of under the influence charge

against Ranjel, and Ranjel's participation in an electronic detention program. The Government further indicates that the jury can be instructed that such evidence may be considered for a limited purpose in order to avoid any unfair prejudice to Ranjel.

Ranjel argues that the Government has other evidence available to show that Ranjel was the user of Target Phone 2. Ranjel also indicates that he will stipulate that he was the individual using Target Phone 2 during the calls intercepted and overheard by the Government. (DE 357: 2). The Government, however, indicates in its reply that Ranjel has not been forthcoming with such a stipulation and that in the absence of such a stipulation the motion remains necessary. The Government has also shown that establishing that Ranjel was the user of Target Phone 2 is a key part of the Government's case, and that the above-referenced evidence is necessary to adequately prove its case. The Government has presented sufficient justification for the admission of the identification evidence. The Government has also shown alternatively that the identification evidence may be admitted pursuant to Federal Rule of Evidence 404(b). Therefore, the Government's motion to admit identification evidence is granted.

I. Motion to Permit Use of Prior Convictions

The Government moves to permit the use of Ranjel's prior convictions for the purposes of impeachment if Ranjel testifies at trial. Ranjel agrees to stipulate to the relevant facts concerning his prior convictions. However, as with the motion to admit identification evidence, there is no indication that such a stipulation has been

7

reached. The Government has presented sufficient justification for the admission of Ranjel's prior convictions for impeachment purposes. Therefore, the Government's motion to permit the use of Ranjel's prior convictions for the purposes of impeachment is granted.

J. Motion to Admit Statements by Co-Conspirator

The Government moves to admit statements made by a co-conspirator pursuant to Federal Rule of Evidence 801(d)(2)(E). Pursuant to Federal Rule of Evidence 801(d)(2)(E), a statement is not hearsay if "[t]he statement is offered against an opposing party and" the statement "was made by the party's coconspirator during and in furtherance of the conspiracy." Fed. R. Evid. 801(d)(2)(E). The Government has made a proffer and seeks a preliminary determination as to admissibility consistent with *United States v. Santiago*, 582 F.2d 1128 (7th Cir. 1978). (DE 351: 1). In accordance with *Santiago*, a district court must "make a ruling on the admissibility of a coconspirator's statement prior to their introduction at trial." *United States v. Harris*, 585 F.3d 394, 398 (7th Cir. 2009); *see also United States v. Bey*, 725 F.3d 643, 647 (7th Cir. 2013)(explaining that "[u]nder *Santiago*, a district judge may decide before trial to admit co-conspirator testimony based on the government's proffer that it has sufficient evidence to prove the existence of a conspiracy by a preponderance of the evidence at trial"). In order to admit statements made by co-conspirators under Rule 801(d)(2)(E), the Government must establish by a preponderance of the evidence: (1) that "a conspiracy existed," (2) that

"the defendant and the declarant were members of the conspiracy," and (3) that "the statement was made during the course and in furtherance of the conspiracy." *Harris*, 585 F.3d at 398; *see also United States v. Heron*, 721 F.3d 896, 903 (7th Cir. 2013)(stating that "[s]tatements made in furtherance of a conspiracy may include 'comments designed to assist in recruiting potential members, to inform other members about the progress of the conspiracy, to control damage to or detection of the conspiracy, to hide the criminal objectives of the conspiracy, or to instill confidence and prevent the desertion of other members'")(quoting *United States v. Johnson*, 200 F.3d 529, 533 (7th Cir. 2000)); *Bey*, 725 F.3d at 648 (stating that "[a]n unlawful conspiracy exists when two or more people agree to commit an unlawful act, and the defendant 'knowingly and intentionally' joins in the agreement"); *Smith v. Bray*, 681 F.3d 888, 904 (7th Cir. 2012)(explaining that "Rule 801(d)(2)(E) encompasses a broad definition that goes well beyond the more confined concept of criminal conspiracy"); *United States v. Cruz-Rea*, 626 F.3d 929, 937 (7th Cir. 2010)(stating that "[i]n order to satisfy the 'in furtherance' requirement, the coconspirator's statement 'need not have been exclusively, or even primarily, made to further the conspiracy'" and "[t]he government has satisfied its burden even if the statement is susceptible to alternative interpretations, so long as 'some reasonable basis exists for concluding that the statement furthered the conspiracy'"(quoting *United States v. Singleton*, 125 F.3d 1097, 1107 (7th Cir. 1997) and *Garlington v. O'Leary*, 879 F.2d 277, 284 (7th Cir. 1989)).

In the instant action, the Government has proffered ample evidence to show

the existence of a conspiracy involving illegal drug trafficking. The Government has also presented evidence showing that certain individuals in recorded statements were members of the conspiracy with Ranjel and that such statements were made to further the success of the conspiracy. The Government indicates that it will show that on February 19, 2002, Ranjel caused the delivery of an ounce of cocaine to a confidential source (CS) by arranging for Individual A to deliver the cocaine to the CS on Ranjel's behalf. The Government has shown that it has recorded telephone conversations between Ranjel and the CS, which further establishes the existence of the conspiracy, and Ranjel's participation in the conspiracy. The Government also indicates that it has recordings of conversations between the CS and Individual A during the drug transaction. The Government seeks to admit the statements made by Individual A to the CS while sitting in a car during the drug transaction. The statements by Individual A addressed the price being charged by Ranjel, and the quality of the cocaine being sold. Such statements related to the operational methods of the scheme and clearly were being made to further that particular drug transaction and to further the success of the conspiracy as a whole. Therefore, the Government's motion to admit the co-conspirator statements is granted.

## II. Ranjel's Motions

Ranjel filed a series of *pro se* in limine motions and a motion for an extension of the trial date. The motions in limine were filed well after the deadline for the filing of such motions and are untimely. In addition, Ranjel is represented by

counsel and thus, none of such *pro se* motions are proper. *United States v. Williams*, 495 F.3d 810, 813 (7th Cir. 2007)(noting that the district court "struck [the defendant's] *pro se* motion . . . because [he] was represented by counsel" and "[a] defendant does not have an affirmative right to submit a *pro se* brief when represented by counsel")(internal quotations omitted)(quoting *United States v. Gwiazdzinski*, 141 F.3d 784, 787 (7th Cir. 1998)). Therefore, all such motions are stricken.

## CONCLUSION

Based on the foregoing, the Government's motions in limine are granted, and Ranjel's motions are stricken as improper.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated: April 8, 2015