# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | No. 02 CR 720 |
| | ) | |
| ROBERT RANJEL. | ) | |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendant Robert Ranjel's (Ranjel) motion for judgment of acquittal, and motion in the alternative for a new trial. For the reasons stated below, both motions are denied.

## BACKGROUND

Ranjel was charged in three counts of the indictment with distribution of a controlled substance in violation of 21 U.S.C. § 841(a)(1) and in one count with conspiracy to knowingly and intentionally possess with the intent to distribute and to distribute a controlled substance in violation of 21 U.S.C. § 841(b)(1)(C). A jury trial commenced on April 13, 2015, and on April 15, 2015, a jury convicted Ranjel on all four counts. Ranjel now moves for a judgment of acquittal pursuant to Federal Rule of Criminal Procedure 29(c) (Rule 29(c)) and moves in the alternative for a new trial pursuant to Federal Rule of Criminal Procedure 33(a) (Rule 33(a)).

## LEGAL STANDARD

A defendant in a criminal case who has been found guilty by a jury may move for a judgment of acquittal under Rule 29(c). Fed. R. Crim. P. 29(c). If the defendant is challenging the sufficiency of the evidence presented at trial, the court must "consider the evidence in the light most favorable to the prosecution, drawing all reasonable inferences in the government's favor," and a "[r]eversal is appropriate only when, after viewing the evidence in such a manner, no rational jury 'could have found the defendant to have committed the essential elements of the crime.'" *United States v. Macari*, 453 F.3d 926, 936 (7th Cir. 2006)(quoting *United States v. Masten,* 170 F.3d 790, 794 (7th Cir. 1999)); *see also United States v. Moses*, 513 F.3d 727, 733 (7th Cir. 2008)(stating that "[a] district court should grant a motion for a judgment of acquittal only when there is insufficient evidence to sustain a conviction"); *United States v. Pree*, 408 F.3d 855, 865 (7th Cir. 2005)(stating that a motion for acquittal should be granted "only if, viewing the evidence in the light most favorable to the Government, no rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt").

A court may provide a defendant found guilty of a crime by a jury with a new trial under Rule 33(a) "if the interest of justice so requires." Fed. R. Crim. P. 33(a). The decision of whether a new trial is warranted is "committed 'to the sound discretion of the trial judge.'" *United States v. Gillaum*, 372 F.3d 848, 857-58 (7th Cir. 2004)(quoting *United States v. Woolfolk*, 197 F.3d 900, 904 (7th Cir. 1999)). In determining whether to grant a new trial, a court should exercise "great caution" and

be "wary of second guessing the determinations of the . . . jury." *Id.* (internal quotations omitted)(quoting *United States v. DePriest*, 6 F.3d 1201, 1216 (7th Cir. 1993)); *see also United States v. Van Eyl*, 468 F.3d 428, 436 (7th Cir. 2006)(stating that "[a] defendant is entitled to a new trial if there is a reasonable possibility that a trial error had a prejudicial effect upon the jury's verdict").

## DISCUSSION

I.  Motion for Judgment of Acquittal

Ranjel argues that the evidence does not support the verdict and that the verdict is contrary to certain constitutional principles.

### A.  Totality of the Evidence

Ranjel contends that the verdict is contrary to the totality of the evidence. The Seventh Circuit has stated that "[a] defendant who challenges the sufficiency of the evidence faces a nearly insurmountable hurdle [in that] [the Court] consider[s] the evidence in the light most favorable to the Government, defer[s] to the credibility determination of the jury, and overturn[s] a verdict only when the record contains no evidence, regardless of how it is weighed, from which the jury could find guilt beyond a reasonable doubt." *United States v. Gougis*, 432 F.3d 735, 743-44 (7th Cir.

2005)(internal quotations omitted)(quoting *United States v. Jackson*, 177 F.3d 628, 630 (7th Cir. 1999)). Ranjel argues that the evidence showed nothing more than individual buyer-seller drug relationships between certain persons and did not establish that he had knowingly joined a drug trafficking conspiracy. The evidence at trial clearly showed that Ranjel was a participant in an extensive drug conspiracy and that the players in the conspiracy were much more than independent buyers and sellers. Evidence was introduced that showed that Juan Corral (Corral) spoke to Ranjel regularly and supplied Ranjel with significant amounts of cocaine. (Cor. 21-22). Corral also testified that he was aware that Ranjel was in turn selling the cocaine to other people. (Cor. 22). Evidence was presented to show that not only did Corral sell Ranjel cocaine, he provided Ranjel with needed support to enable Ranjel to operate. Corral testified, for example, that at times he would front Ranjel cocaine so that he could distribute and sell the cocaine and pay back Corral from the proceeds. (Cor. 24). Corral even indicated that on one occasion he provided funds to Ranjel to pay for his bond. (Cor. 30). Corral further testified that he discussed with Ranjel the impact on the drug operation by police activities and informants. (Cor. 27-29). At trial, in addition to the testimony of Corral, the Government presented recordings of intercepted phone calls on which Ranjel himself made clear his involvement with Corral in illegal activities.

Testimony at trial also showed that Ranjel directed Jasper Evans (Evans) to supply cocaine to Reynaldo Cotts (Cotts). (Ev. 5-6). Ranjel does not dispute that

4

Cotts also testified that he sold cocaine to others under the direction of Ranjel. Nor does Ranjel dispute that at trial, Gino Carbellos (Carbellos) testified that he received cocaine from Ranjel, delivered the cocaine to Ranjel's customer, and then delivered the proceeds back to Ranjel. Further evidence at trial showed that David Lira (Lira) tried to procure cocaine from Ranjel and sought Ranjel's assistance to collect certain drug sale proceeds. There was ample evidence presented at trial which showed that Ranjel was an integral part of a conspiracy with Corral, Evans, Cotts, Lira, Carbellos, and others. The totality of the evidence presented at trial was more than sufficient to enable the jury to find Ranjel guilty of all charges in the indictment.

### B. Due Process, Equal Protection, and Fundamental Fairness

Ranjel argues that the verdict is contrary to principles of due process, equal protection, and fundamental fairness.

#### 1. In-Custody Witnesses

Ranjel contends that the court erred in denying his request for the production of certain in-custody witnesses. The court allowed Ranjel to call some in-custody witnesses, but not allow him to call all of the in-custody witnesses that he sought. The court properly concluded that Ranjel had witnesses to cover the certain issues that he intended to address and that Ranjel had not provided sufficient justification to require the use of resources to bring the other in-custody witnesses to trial in order to

5

present cumulative testimony. Ranjel fails to provide any explanation as to why he believes that the court erred in this regard other than providing conclusory references to constitutional rights and to prior arguments made orally to the court. Ranjel has not shown that the court erred in declining to order the production of all of his desired in-custody witnesses.

### 2. Motion to Strike

Ranjel also argues that the court erred in granting the Government's motion to strike surplusage from the indictment. The court allowed the Government to strike from the indictment the allegation that the conspiracy in Count One involved more than five kilograms of cocaine. Ranjel argues that he was prejudiced and convicted of a crime with which he was never charged. Ranjel presented the same argument in opposition to the motion to strike. It is well-established that the drug quantity is not a material element of the offense charged under 21 U.S.C. § 841 or 21 U.S.C. § 846. *See United States v. Walker*, 673 F.3d 649, 659 (7th Cir. 2012)(stating that "quantity is not an element of a conspiracy to possess drugs for distribution"); *United States v. Nunez*, 673 F.3d 661, 663 (7th Cir. 2012)(stating that "[t]o persuade a jury to convict on a single conspiracy charge the government need prove only an agreement" and that "[q]uantity is not an element"); *Unites States v. Gilmer*, 534 F.3d 696, 704 (7th Cir. 2008)(stating that in regard to a conspiracy claim, "[d]rug quantity is not an element of the charged offense in the indictment" and that the "[q]uantity of drugs

6

sold or possessed goes to the severity of the sentence, not the existence of the crime"). Ranjel has not shown that the court erred in granting the Government's motion to strike.

### 3. Objection to Questioning of Corral and Agent Fortt

Ranjel argues that the court erred in sustaining the Government's objections at trial that precluded Ranjel from eliciting testimony from Corral or Special Agent Robert Fortt (Fortt) that indicated that Corral believed his relationship with Ranjel to be a buyer-seller relationship and not a conspiratorial relationship. The court properly ruled that the testimony that Ranjel sought to elicit from a lay-person in fact constituted a legal conclusion. Corral was not an expert in this case and his opinion could not directly or indirectly be presented to the jury that he believed that Ranjel was not part of a conspiracy. In addition, the introduction of Corral's out-of-court statement during Fortt's testimony would have been inadmissible hearsay. The court did not bar Ranjel's counsel from directly questioning Corral as to specific facts relating to Ranjel and thus Ranjel was able to present facts regarding his relationship with Corral. Ranjel has not shown that the court erred in sustaining the Government's objections regarding Corral's perception of his relationship with Ranjel. Based on the above, Ranjel's motion for judgment of acquittal is denied.

## II. Motion for a New Trial

Ranjel also argues that even if the court does not believe that there were any erroneous rulings at trial, the court can set aside the verdict and order a new trial if it believes that there was a miscarriage of justice. Ranjel has not shown that there was any such miscarriage of justice in this case. Ranjel was accorded a fair trial and there was ample evidence presented to convict him on all charges. Ranjel has not shown that any witnesses lacked credibility, or pointed to any errors by the court, or to any prejudice to him that would warrant a new trial. There is no basis in this case to order a new trial. Therefore, Ranjel's motion for a new trial is denied.

## CONCLUSION

Based on the foregoing analysis, Ranjel's motion for judgment of acquittal is denied, and his motion in the alternative for a new trial is also denied.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated: August 25, 2015